# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right; border:1px solid;">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)<br><br>
F I L E D<br>
SUPERIOR COURT OF CALIFORNIA<br>
COUNTY OF SAN BERNARDINO<br>
SAN BERNARDINO DISTRICT<br><br>
APR 1 3 2017<br><br>
BY _____<br>
ANNE PERRY, DEPUTY
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASHLEY DISTRIBUTION SERVICES, LTD., a Corporation; and Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES BLAIR, an individual, on behalf of himself, and on behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>San Bernardino District - Civil Division<br>247 W. Third St., San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVDS 1706807 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037

**BY FAX**

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE:  APR 1 3 2017                    Clerk, by   Anne Perry              , Deputy
*(Fecha)*                              *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL] COPY

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Ashley Distribution Services, LTD.

   under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]<br>
**SUMMONS**<br>
Page 1 of 1<br>
Code of Civil Procedure §§ 412.20, 465<br>
www.courtinfo.ca.gov<br>
*LexisNexis® Automated California Judicial Council Forms*

1  BLUMENTHAL, NORDREHAUG & BHOWMIK LLP
     Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              IN AND FOR THE COUNTY OF SAN BERNARDINO

13  JAMES BLAIR, an individual, on behalf        Case No.   CIVDS 1706807
    of himself, and on behalf of all persons
14  similarly situated,                          CLASS ACTION COMPLAINT

15
                                                 1. UNFAIR COMPETITION IN
16             Plaintiff,                         VIOLATION OF CAL. BUS. & PROF.
                                                 CODE §§ 17200, et seq.;
17  vs.
                                                 2. FAILURE TO PAY MINIMUM
18  ASHLEY DISTRIBUTION SERVICES,                WAGES IN VIOLATION OF CAL.
    LTD., a Corporation; and Does 1 through      LAB. CODE §§ 1194, 1197 & 1197.1;
19  50, Inclusive,
                                                 3. FAILURE TO PROVIDE
20                                               ACCURATE ITEMIZED STATEMENTS
                                                 IN VIOLATION OF CAL. LAB. CODE §
21             Defendants.                       226; and,

22                                               4. FAILURE TO PROVIDE WAGES
                                                 WHEN DUE IN VIOLATION OF CAL.
23                                               LAB. CODE §§ 201, 202 AND 203.

24
                                                 DEMAND FOR A JURY TRIAL
25

26                                               BY FAX

27

28

                                    1
                          CLASS ACTION COMPLAINT

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 3 2017

BY  _Anne Perry_
         ANNE PERRY, DEPUTY

Plaintiff James Blair ("PLAINTIFF") an individual, on behalf of himself and all other
similarly situated current and former employees, alleges upon information and belief, except
for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      PLAINTIFF worked and drove a truck for Defendant Ashley Distribution
Services, Ltd. ("DEFENDANT") in California from October of 2007 to February of 2017 as a
Truck Driver.  As a Truck Driver, PLAINTIFF's work required the performance of manual
labor consisting of driving DEFENDANT's trucks and transporting goods within the State of
California. In performing these duties, PLAINTIFF did not utilize any independent discretion,
judgment, or management decisions with respect to matters of significance.  To the contrary,
the work of PLAINTIFF as a Truck Driver was to provide on a daily basis the transportation
of goods in accordance with the management decisions and business policies established by
DEFENDANT.  As a result, PLAINTIFF was entitled to be paid minimum wages, accurate
wage statements, and meal and rest periods as required by California law.  PLAINTIFF was
paid by piece-rate only while he was employed as a Truck Driver for DEFENDANT.
Importantly, he was not provided with minimum wages for his non-production work time.
PLAINTIFF also did not receive paid rest breaks as required by California law and
DEFENDANT failed to provide PLAINTIFF with the legally required meal periods.
DEFENDANT failed to pay PLAINTIFF the correct amount of compensation because
DEFENDANT established an illegal pay practice of paying PLAINTIFF on a piece rate basis
when delivering loads at the locations assigned by DEFENDANT.  DEFENDANT however
failed to pay minimum wages for compensable time worked.  To date, DEFENDANT has not
fully paid PLAINTIFF for all his wages still owed to him or any penalty wages owed to him
under California Labor Code § 203. The amount in controversy for PLAINTIFF individually
does not exceed the sum or value of $75,000.

2.      DEFENDANT is a corporation that at all relevant times mentioned herein
conducted and continues to conduct substantial and regular business throughout the State of

2

California. Ashley Distribution Services Ltd. offers cargo transportation services. The company provides backhaul and intermodal services. The company focuses on furniture, beverage, consumer packaged goods, and raw materials. The company was founded in 1974 and operates as a subsidiary of Ashley Furniture Industries, Inc.

3.    PLAINTIFF brings this class action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as Truck Driver employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years before the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

4.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF is informed and believes, and based thereon, alleges that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

5.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

6.    The work required to be performed by PLAINTIFF and the other CALIFORNIA

3

CLASS Members was manual labor consisting of driving DEFENDANT's trucks and transporting goods within the State of California in accordance with DEFENDANT's policies and practices. As a result of this work, PLAINTIFF and the other CALIFORNIA CLASS Members were involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work was executed by the performance of manual labor within a defined skill set. PLAINTIFF and CALIFORNIA CLASS Members were not compensated through a monthly salary. Although PLAINTIFF and CALIFORNIA CLASS Members manually logged their time on log sheets, they were not paid for the actual number of hours that they worked. PLAINTIFF and other Truck Drivers were not compensated for any of their time spent working other then the flat piece rate for each load delivered on DEFENDANT's behalf. PLAINTIFF and other CALIFORNIA CLASS Members performed a variety of work-related tasks for which they were not paid. For example, PLAINTIFF was often required to wait for product at DEFENDANT's terminal in Redlands, California. This on-duty wait time can often last for hours. PLAINTIFF was forced to wait for loads for multiple hours on a weekly basis in California during the CALIFORNIA CLASS PERIOD. On certain days during the CALIFORNIA CLASS PERIOD, as a result of DEFENDANT's compensation scheme that failed to pay for the non-driving tasks stated herein, PLAINTIFF did not earn minimum wages for all his hours worked. PLAINTIFF and other CALIFORNIA CLASS Members were not compensated for the time it took to unload products, clean their trucks after each delivery, downtime, and conducting vehicle inspections among other work tasks. PLAINTIFF and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks and time spent waiting for DEFENDANT's loads to be ready for transport. DEFENDANT failed to correctly pay minimum wages to PLAINTIFF and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum compensation to PLAINTIFF and the other CALIFORNIA CLASS

CLASS ACTION COMPLAINT

1  Members for their documented time worked.

2      7.    Individuals in these Truck Driver positions are and were employees who were

3  entitled to minimum wage compensation and prompt payment of amounts that the employer

4  owes an employee when the employee quits or is terminated, and other compensation and

5  working conditions that are prescribed by law.

6      8.    Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer

7  shall pay to each employee, on the established payday for the period involved, not less than the

8  applicable minimum wage for all hours worked in the payroll period, whether the remuneration

9  is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage

10  Order as "the time during which an employee is subject to the control of an employer, and

11  includes all the time the employee is suffered or permitted to work, whether or not required to

12  do so." Here, PLAINTIFF and CALIFORNIA CLASS Members are entitled to separate hourly

13  compensation for time spent performing other non-driving tasks directed by DEFENDANT

14  during their work shifts and are entitled to one hour of pay for their rest periods.

15      9.    In addition, DEFENDANT failed to provide all the legally required unpaid, off-

16  duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFF and

17  the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor

18  Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally

19  required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to

20  the PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's

21  failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members with all the legally

22  required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is

23  evidenced by DEFENDANT's business records. DEFENDANT had a pattern and practice of

24  establishing and scheduling routes to be completed in overly demanding time frames which

25  resulted in DEFENDANT pressuring, discouraging, and impeding PLAINTIFF and other

26  CALIFORNIA CLASS Members to complete their routes within the rigorous time frames and

27  not take meal breaks. Because of DEFENDANT's demanding policies on route completion

28  times, PLAINTIFF and other CALIFORNIA CLASS Members felt that breaking route to

<div align="center">5</div>

<div align="center">CLASS ACTION COMPLAINT</div>

exercise their rights to take meal and/or rest periods would sacrifice their jobs with DEFENDANT. As such, PLAINTIFF and other CALIFORNIA CLASS Members routinely worked through their meal periods.

10. From time to time, DEFENDANT also failed to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct minimum wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

11. In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS, seeks to recover all the compensation that DEFENDANT is required by law to provide, but failed to provide, to PLAINTIFF and all other CALIFORNIA CLASS Members. PLAINTIFF also seeks penalties and all other relief available to him and other CALIFORNIA CLASS Members under California law. Finally, PLAINTIFF seeks declaratory relief finding that the employment practices and policies of the DEFENDANT violated California law and injunctive relief to enjoin the DEFENDANT from continuing to engage in such employment practices.

12. In performing the conduct herein alleged, the DEFENDANT's wrongful conduct and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFF and the other members of the CALIFORNIA CLASS of money and career opportunities to which they were lawfully entitled. DEFENDANT engaged in such wrongful conduct by failing to have adequate employment policies and maintaining adequate employment practices consistent with such policies and the applicable law. DEFENDANT's wrongful conduct as herein alleged

1   caused the money belonging to the PLAINTIFF and the other members of the CALIFORNIA

2   CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for

3   DEFENDANT's own use.

4        13.    DEFENDANT's practices violated and continue to violate the law, regardless

5   of whether the employees' work is paid by commission, by salary, by piece rate, or by part

6   commission, part piece rate, and/or part salary. As a result of this policy and practice,

7   DEFENDANT failed to pay minimum wage pay in accordance with applicable law.

8        14.    Accordingly, DEFENDANT committed acts of unfair competition in violation

9   of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by

10  engaging in company-wide policies that violated the California Labor Code and regulations

11  promulgated thereunder as herein alleged.

12

13                              **THE CALIFORNIA CLASS**

14       15.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

15  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

16  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of himself and a California class,

17  defined as all individuals who are or previously were employed by DEFENDANT in California

18  as Truck Driver employees (the "CALIFORNIA CLASS") at any time during the period

19  beginning on the date four (4) years before the filing of this Complaint and ending on the date

20  as determined by the Court (the "CALIFORNIA CLASS PERIOD").

21       16.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

22  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

23  Requirements, and the applicable provisions of California law, intentionally, knowingly, and

24  wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive

25  method to calculate minimum, and payment for missed meal periods and off-duty rest breaks

26  owed to the PLAINTIFF and the other members of the CALIFORNIA CLASS.

27       17.    All CALIFORNIA CLASS Members, including the PLAINTIFF, performed the

28  same manual labor and were paid by DEFENDANT according to uniform and systematic

                                      7

company procedures, which, as alleged herein above, and failed to correctly pay minimum wages. This business practice is uniformly applied to each and every member of the CALIFORNIA CLASS, and therefore, the propriety of these business practices can be adjudicated on a class-wide basis.

18.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

      (a)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, et seq., by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that uniformly denied PLAINTIFF and the members of the CALIFORNIA CLASS the correct minimum wages and otherwise violated applicable law; and,

      (b)   Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly and systematically fail to provide and record all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFF and the CALIFORNIA CLASS members;.

19.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

      (a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all CALIFORNIA CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

      (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

CLASS ACTION COMPLAINT

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all other members of the CALIFORNIA CLASS, was subjected to DEFENDANT's illegal practice of failing to pay minimum wages for all time worked by the PLAINTIFF and other members of the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

20.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

9

CLASS ACTION COMPLAINT

2)    Adjudication with respect to individual members of the
CALIFORNIA CLASS which would as a practical matter be
dispositive of interests of the other members not party to the
adjudication or substantially impair or impede their ability to
protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to
act on grounds generally applicable to the CALIFORNIA CLASS, making
appropriate class-wide relief with respect to the CALIFORNIA CLASS
as a whole in that the DEFENDANT subjects these employees to
DEFENDANT's systematic practices with respect to non-payment of
wages for all time worked;

1)    With respect to the First Cause of Action, the final relief on behalf
of the CALIFORNIA CLASS sought does not relate exclusively to
restitution because through this claim Plaintiff seeks declaratory
relief holding that the DEFENDANT's policies and practices
constitute unfair competition, along with declaratory relief,
injunctive relief, and incidental equitable relief as may be
necessary to prevent and remedy the conduct declared to constitute
unfair competition;

(c)    Common questions of law and fact exist as to the members of the
CALIFORNIA CLASS, with respect to the practices and violations of
California Law as listed above, and predominate over any question
affecting only individual CALIFORNIA CLASS Members, and a Class
Action is superior to other available methods for the fair and efficient
adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in
individually controlling the prosecution or defense of separate
actions;

10

CLASS ACTION COMPLAINT

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)    The difficulties likely to be encountered in the management of a Class Action; and,

5)    The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA CLASS.

21.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

11

CLASS ACTION COMPLAINT

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's current and former Truck Driver employees employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

22.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUBCLASS

23.    PLAINTIFF further brings the Second, Third and Fourth Causes of Action on

12

behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as Truck Driver employees (the "CALIFORNIA LABOR SUBCLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

24.    To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS PERIOD should be adjusted accordingly.

25.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

26.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to pay minimum wage compensation to members of the CALIFORNIA LABOR SUBCLASS in violation of the California Labor Code and applicable regulations;

(b)    Whether DEFENDANT's policy and practice of failing to pay CALIFORNIA LABOR SUBCLASS Members wages, including minimum wages for all time worked, violates applicable provisions of

13

California law;

(c)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(d)    Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUBCLASS Members with accurate records of time worked; and,

(e)    Whether DEFENDANT's conduct was willful.

27.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

(b)    Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFF and the CALIFORNIA LABOR SUBCLASS Members with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

(c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

14

28.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUBCLASS are so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUBCLASS, was denied compensation for all time worked as a result of DEFENDANT's systematic illegal and deceptive pay practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUBCLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California. PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT as described above; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously

15

CLASS ACTION COMPLAINT

1   assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

2   29.    In addition to meeting the statutory prerequisites to a Class Action, this action is

3   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

4   (a)    Without class certification and determination of declaratory, injunctive,

5   statutory and other legal questions within the class format, prosecution of

6   separate actions by individual members of the CALIFORNIA LABOR

7   SUBCLASS will create the risk of:

8   1)    Inconsistent or varying adjudications with respect to individual

9   members of the CALIFORNIA LABOR SUBCLASS which would

10   establish incompatible standards of conduct for the parties

11   opposing the CALIFORNIA LABOR SUBCLASS; or,

12   2)    Adjudication with respect to individual members of the

13   CALIFORNIA LABOR SUBCLASS which would as a practical

14   matter be dispositive of interests of the other members not party to

15   the adjudication or substantially impair or impede their ability to

16   protect their interests.

17   (b)    The parties opposing the CALIFORNIA LABOR SUBCLASS have acted

18   or refused to act on grounds generally applicable to the CALIFORNIA

19   LABOR SUBCLASS, making appropriate class-wide relief with respect

20   to the CALIFORNIA LABOR SUBCLASS as a whole in that the

21   DEFENDANT fails to pay these employees minimum wage compensation

22   as a result of DEFENDANT's company wide illegal and deceptive pay

23   practices;

24   (c)    Common questions of law and fact exist as to the members of the

25   CALIFORNIA LABOR SUBCLASS, with respect to the practices and

26   violations of California Law as listed above, and predominate over any

27   question affecting only individual CALIFORNIA LABOR SUBCLASS

28   members, and a Class Action is superior to other available methods for the

16

CLASS ACTION COMPLAINT

fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)    The difficulties likely to be encountered in the management of a Class Action; and,

5)    The basis of DEFENDANT's conduct towards PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

30.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUBCLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUBCLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

17

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUBCLASS consists of those members of the CALIFORNIA CLASS who were subjected to the DEFENDANT's practices as described above during the CALIFORNIA LABOR SUBCLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

31.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

18

CLASS ACTION COMPLAINT

procedures as herein alleged, PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## JURISDICTION AND VENUE

32.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to California Code of Civil Procedure, Section 382.

33.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained their principal place of business in this County and/or conducts substantial business in this County.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

[Cal. Bus. And Prof. Code §§ 17200, et seq.]

(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

34.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

35.     DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

36.     California Business & Professions Code §§ 17200, et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as

19

may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

37.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 204, 226.7, 512, 558, 1194, 1197 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

38.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

39.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFF and CALIFORNIA CLASS Members for all non-production time, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld. The work schedule for the PLAINTIFF and other CALIFORNIA CLASS Members was set by DEFENDANT.

40.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and

the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

41.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to the PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

42.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

43.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

44.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

45.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

46.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the

21

CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

47.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

48.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION
### For Failure To Pay Minimum Wages
[Cal. Lab. Code §§ 1194, 1197 and 1197.1]
### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
and Against All Defendants)

49.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

50.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

51.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

22

public policy, an employer must timely pay its employees for all hours worked.

52.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

53.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

54.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

55.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

56.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

57.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

58.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

23

that they were entitled to, constituting a failure to pay all earned wages.

59.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

60.    DEFENDANT knew or should have known that the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

61.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

62.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUBCLASS

### and Against All Defendants)

63.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

64.     Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by

January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement.

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

65.    From time to time, DEFENDANT violated Labor Code § 226(a), in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee. DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

66.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS.  These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and

CLASS ACTION COMPLAINT

$100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

[ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

67.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

68.     Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

69.     Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

70.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

71.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

CLASS ACTION COMPLAINT

CLASS Members' employment contract.

72.     Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

73.     When PLAINTIFF left employment with DEFENDANT in February of 2017 DEFENDANT still owed PLAINTIFF minimum wages for work performed because PLAINTIFF was not compensated for any of the time spent working for DEFENDANT other then the flat piece rate for each load delivered on DEFENDANT's behalf and PLAINTIFF performed a variety of work-related tasks for which he was not paid during his employment with DEFENDANT as described herein. To date, DEFENDANT has not paid PLAINTIFF these wages still owed to him. As such, DEFENDANT has not fully paid PLAINTIFF all wages still owed to him or any penalty wages that are now owed to him under California Labor Code § 203. The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

74.     Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CALIFORNIA CLASS:

A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

B)    An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to the PLAINTIFF and the other members of the CALIFORNIA CLASS;

C)    Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof; and,

D)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.    On behalf of the CALIFORNIA LABOR SUBCLASS:

A)    That the Court certify the Second, Third and Fourth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;

D)    The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

3.      On all claims:

A)      An award of interest, including prejudgment interest at the legal rate;

B)      Such other and further relief as the Court deems just and equitable; and,

C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226, and/or §1194.

Dated: April 12, 2017                          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

By: _____
         Norman B. Blumenthal
         Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2  PLAINTIFF demands jury trial on issues triable to a jury.

3

4

5  Dated: April 12, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

6

7                                           By:

8                                                 Norman B. Blumenthal
                                                  Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  K:\D\Dropbox\Pending Litigation\Ashley Dimbleton - Blish'n-Complaint-FINAL.wpd

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Norman Blumenthal  (Bar # 6868)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223     FAX NO.: (858) 551-1232
ATTORNEY FOR (Name): Plaintiff James Blair

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS: 247 W. Third St.
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino District - Civil Division

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 13 2017

_Anne Perry_
BY _____
ANNE PERRY, DEPUTY

CASE NAME:
BLAIR v. ASHLEY DISTRIBUTION SERVICES, LTD.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVDS 1706807 |
| | | | JUDGE: |
| | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

**BY FAX**

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 12, 2017

Norman Blumenthal
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | Page 1 of 2 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

LexisNexis® Automated California Judicial Council Forms

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JAMES BLAIR _____

vs.

ASHLEY DISTRIBUTION SERVICES, LTD., et al.

CASE NO.: CIVDS 1706807

CERTIFICATE OF ASSIGNMENT

# BY FAX

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

[x] General       [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district. |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [x] | 20. Other Employment | Unlimited Civil Class Action against Defendant residing in this district. |
| [x] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Ashley Distribution Services, Ltd., Defendant
NAME–INDICATE TITLE OR OTHER QUALIFYING FACTOR

1601 Ashley Way
ADDRESS

Colton              California              92324
CITY                STATE                  ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on April 12, 2017 at _____ California

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

LexisNexis® Automated California County Forms

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

http://www.sb-court.org

CASE NO: CIVDS1706807

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 06/21/17      Time: 8:30      Dept: S26

IN RE: ** COMPLEX ** BLAIR -V- ASHLEY DISTRIBUTION

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 06/21/17 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy Eberhardt, Interim Court Executive Officer
Date: 04/13/17
By: ANNE PERRY
--------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 04/13/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 04/13/17 at San Bernardino, CA  By: ANNE PERRY